AUGUSTUS CONRADI and FREDERICK HILGARD, appellants, *v.* AUGUSTUS H. EVANS and JOHN A. DOUGHERTY, appellees.

### *Appeal from St. Clair.*

Where a demurrer to a declaration is overruled, if the defendant wishes to plead over, he should ask leave to withdraw his demurrer, and file a plea. The granting or refusing such a motion rests in the discretion of the Court.

It is not error for the Court to strike from the files a plea, filed without leave, after a defendant's demurrer has been overruled.

THIS cause was heard in the Court below, at the August term, 1839, before the Hon. Sidney Breese. Judgment was rendered for the plaintiffs. The defendants appealed to this Court.

JAMES SHIELDS, for the appellants.

LYMAN TRUMBULL, for the appellees, cited Godfrey *et al. v.* Buckmaster, 1 Scam. 447.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *assumpsit* brought in the St. Clair Circuit Court, by Evans and Dougherty, against Conradi and Hilgard, on an assigned promissory note. The declaration is in the usual form. The defendants below demurred specially, and the plaintiffs joined in demurrer. After argument in the Court below, the demurrer was overruled and decided to be frivolous ; whereupon the Circuit Court gave interlocutory judgment for the plaintiff, and ordered an assessment of damages. Upon the report of the clerk, final judgment was given for the plaintiffs below, for the sum assessed by the clerk.

By a bill of exceptions, contained in the record, the following facts also appear : " That when this cause was called, on motion of the attorney for the plaintiffs, for a judgment for default of plea, on the fourth day of the term, it was objected by the defendants' counsel, that there was a plea filed in the case, the day before. The plaintiffs' counsel thereupon insisted, that, as the rule of

Court had not been complied with, by filing a plea by Wednesday morning, but, instead thereof, a demurrer, which had been adjudged by the Court frivolous, and that no leave had been granted, to withdraw said demurrer and file a plea ; it was therefore ordered by the Court, that said plea, so filed without leave, be taken from the files, and considered as no plea, and that judgment be entered for the plaintiffs as for want of a plea, or by *nil dicit.*"

The appellants contend, 1st. That leave to file a plea after demurrer, is of course ; 2d. That a plea having been filed at the calling of the cause, the Court could not give judgment for default of a plea ; and, 3d. That a Court cannot direct a plea, which has been regularly filed in a cause, to be withdrawn from the files.

This Court, in the case of Clemson and Waters against the State Bank of Illinois, (1) decided, that when a plea is filed, the plaintiff either replies by taking issue, or setting up new matter in avoidance, or demurs. If the plaintiff demurs to the defendant's plea, the law, arising in the case, is referred to the Court ; and if the plea furnishes no legal defence to the action, the judgment is either interlocutory or final, according to the nature of the action.    The only mode given to the defendant, to contest the facts set out in the declaration, is by applying to the Court for leave *to withdraw the bad plea*, and plead *de novo ;* which application rests in the sound discretion of the Court to grant or refuse. No motion having been made for leave to withdraw the plea, and plead again, the defendant elected to abide by the goodness of his plea, and he cannot now assign for error, that the Court ought to have given judgment of *respondeat ouster.*    The principles decided in this case, justify the practice pursued in the Court below.    The defendants below, not having obtained leave to withdraw their demurrer, elected to stand by it ; and, of course, their subsequently filing a plea, without leave of the Court, was irregular, and the Court correctly decided, that it should be taken from the files of the Court.

The judgment is therefore affirmed, with costs.
*Judgment affirmed.*

(1 1 Scam. 45.